UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
S&R DEVELOPMENT ESTATES, LLC and "JOHN
DOE" NOS. 1 THROUGH 75,

        Plaintiffs,

  - against -

STEVEN BASS, EDDIE MAE BARNES, PAUL FEINER, DIANA JUETTNER and FRANCIS SHEEHAN, Constituting the Town Board of the Town of Greenburgh, Westchester County, New York, STEVEN BELASCO, MALCOLM BAUMGARTNER, EVE BUNTING-SMITH, NICHOLAS DECICCO, LAWRENCE DOYLE, ROHAN HARRISON and DANIEL ROSENBLUM, Constituting the Zoning Board of Appeals of the Town of Greenburgh, Westchester County, New York, MARK STELLATO, Commissioner of the Department of Community Development and Conservation of the Town of Greenburgh, TOWN OF GREENBURGH and JOHN and JANE DOE,

        Defendants.
------------------------------------------------------------------X

07 Civ. 11112(WCC)(GAY)
ECF CASE

---

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

---

On the Brief
    James M. Woolsey, III (JW - 9157)
    Jerry A. Cuomo (JC - 4253)

                  LANDMAN CORSI BALLAINE & FORD P.C.
                  120 Broadway
                  NEW YORK, N.Y. 10271-0079
                  (212) 238-4800

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................... 1

LEGAL ARGUMENT ........................................................... 2

    POINT I      S&R'S CLAIMS ARE NOT RIPE ....................................... 2

                A.    S&R Does Not Have a "Final Decision" Because It Failed
                      to Seek a Variance ....................................... 2

                B.    S&R Has Failed to Seek Compensation in New York State
                      Court ................................................... 5

    POINT II     S&R HAS FAILED TO STATE A PROCEDURAL
                DUE PROCESS CLAIM .......................................... 5

                A.    S&R Has No "Property Interest" in a CA Zoning
                      Designation ............................................. 5

                B.    The Town Did Not "Rezone" the Property and S&R's
                      Claim Fails Even if It Did ................................. 6

                C.    S&R's Claim Also Fails Because it Received Adequate
                      Post-Deprivation Process ................................. 7

                D.    The Land Use Cases Cited by S&R are Inapplicable .......... 8

    POINT III    S&R'S EQUAL PROTECTION CLAIM MUST BE
                DISMISSED ................................................... 8

    POINT IV    S&R'S ARTICLE 78 CLAIM IS TIME BARRED ................. 9

    POINT V     S&R FAILS TO STATE A "FAMILIAL STATUS"
                DISCRIMINATION CLAIM ...................................... 11

                A.    The Purported Basis for S&R's FHA Claim Contradicts its
                      Own Prior Statements ................................... 11

                B.    § 3604(a) ............................................... 12

                C.    § 3604(b) and § 3604(c) ................................. 14

POINT VI     S&R HAS NOT PLED A "POLICY" OR
             "CUSTOM" ........................................... 15

CONCLUSION ................................................... 15

## PRELIMINARY STATEMENT

Plaintiff S&R Development Estates LLC's ("S&R") opposition to the motion to dismiss filed by the defendant Town of Greenburgh ("the Town") and the individual municipal defendants confirms that S&R's allegations are insufficient to support its numerous claims:

- S&R concedes it never sought a variance or compensation in New York state court in an Article 78 or other proceeding. Its claims, therefore, are not ripe.

  S&R does not challenge the Town's arguments as to why S&R has no "property interest" in its property's alleged CA zoning status. No such interest exists since the property: (1) was never legally zoned CA in the first place; and (2) appeared in a CA zone due only to a 1997 drafting error on the Official Map. Moreover, the Town identified the property as being in an R-20 zone on a certificate of occupancy, demolition permit and completion certificate - - all points S&R does not dispute.

- Instead, S&R claims a "property interest" in its right to notice before property is re-zoned. Procedural statutes, however, do not create property interests.

- S&R's equal protection claim fails because S&R has not - - and cannot - - allege it was treated differently from a "prima facie identical" property owner.

- S&R's Article 78 claim for review of the ZBA's November 1, 2007 decision is untimely. S&R contends a secretary's cover letter told it (and its lawyer) to "use" a substantively identical November 9 decision that corrected some clerical errors. Had S&R timely filed an Article 78 proceeding, it could have obtained review of the decision it now seeks to litigate in this Court.

  Most tellingly, S&R's Fair Housing Act ("FHA") claim is based on a misrepresentation. S&R's brief asserts that its goal was to sell its units to families with children so those children could attend Edgemont's quality schools. This flatly contradicts what S&R told the Town, in writing, when S&R addressed concerns that the schools were overburdened. S&R assured it would *not* market its development to families with school aged children. This plainly reveals S&R's duplicity - - it will say one thing when seeking to obtain approvals from the Town, and another when seeking relief in this Court.

For these reasons, and those set forth in the Town's moving papers, the Court should dismiss S&R's Amended Complaint in its entirety.

434219.1 DocsNJ

1

## ARGUMENT

## POINT I

## S&R'S CLAIMS ARE NOT RIPE

A.  **S&R Does Not Have a "Final Decision" Because It Failed To Seek A Variance**[1]

Murphy v. New Milford Zoning Comm., 402 F.3d 342, 348 (2d Cir. 2005) *"conditions federal review on a property owner having submitted at least one meaningful application for a variance."* S&R ignores this controlling precedent. S&R contends "the town has arrived at a 'final decision' regarding application of the Zoning Code" to the Property. (Pl. Br. p. 10). This is wrong. The ZBA determination only confirmed that R-20 zoning applies. S&R *never* submitted *any* development application under R-20. "To have a final decision, a development plan must be submitted, considered, and rejected." Goldfine v. Kelly, 80 F. Supp. 2d 153, 159 (S.D.N.Y. 2000).

S&R cannot distinguish the cases holding that, even if a landowner contests the constitutionality of the zoning law governing its property (here, the R-20 zoning regulations), it still must seek a variance from that law before its claims are ripe. See Kittay v. Giuliani, 112 F. Supp. 2d 342 (S.D.N.Y. 2000; Cedarwood Land Planning v. Town of Schodack, 954 F. Supp. 513 (N.D.N.Y. 1997); Xikis v. City of New York, 1990 U.S. Dist. LEXIS 13715 (E.D.N.Y. 1990).[2] It may not simply skip the variance process and challenge the contested law in federal court.

---

[1] S&R is incorrect that Williamson is inapplicable to procedural due process and equal protection claims. See Murphy, 402 F.3d at 349; Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 89 (2d Cir. 2002). The "just compensation" prong does not apply to a substantive due process claim based on "arbitrary and capricious" conduct - - a claim S&R is not asserting here. Southview Assocs. v. Bongartz, 980 F.2d 84, 95 (2d Cir. 1992).

[2] S&R mistakenly claims these cases "involve a complete failure to seek relief through municipal zoning processes." See Cedarwood Land Planning, 954 F. Supp. at 518-19; Xikis, 1990 U.S. Dist LEXIS 13715 at ** 3- 4. Although (unlike S&R) those plaintiffs applied to develop their property, they failed (like S&R) to seek a variance and thus their claims were not ripe.

Indeed, the cases cited by S&R from other Circuits *confirm* that a variance application *is* necessary. See Reahard v. Lee County, 30 F.3d 1412, 1415 (11th Cir. 1994) (no final decision until owner applies *"for at least one variance"*); Bannum, Inc. v. City of Louisville, 958 F.2d 1354, 1363 (6th Cir. 1992) (final decision requires *"at least one 'meaningful application' for a variance"*). Those plaintiffs had final decisions only because they applied for, and were denied, variances (or the equivalent). Reahard, 30 F.3d at 1415; Bannum, 958 F.2d at 1363.

S&R cites Lauderbaugh v. Hopewell Twp, 319 F.3d 568 (3d Cir. 2003), where a final decision was found where a zoning board refused to hear an appeal of a permit revocation. Lauderbaugh is contrary to the Second Circuit's holding in Dougherty that, despite appealing a permit denial to the zoning board, plaintiff still had no final decision because it *"had not applied for a variance."* 282 F.3d at 89. In any event, S&R was not denied a building permit.[3]

S&R also claims it need not obtain a final decision simply because it has asserted an FHA claim. This is not the law. "For a [FHA] violation regarding land use *there must also be a final decision for the claim to be ripe.*" Thompson v. Borough of Munhall, 44 Fed. Appx. 582, 583 (3d Cir. 2002) (citations omitted). Indeed, the FHA cases cited by S&R confirm that a final decision *is* necessary, but determined that the "futility" exception to the final decision requirement applied.[4]

It is not futile for S&R to seek a variance from the ZBA. The futility exception prevents

---

[3] County Concrete Corp. v. Township of Roxbury, 442 F.3d 159 (3d Cir. 2006), cited by S&R, applied a narrow exception to the final decision rule where plaintiff's claims are "not based on the township's adverse decision, but on its . . . delay of the process" only. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 598 (3d Cir. 1998). This exception does not exist in the Second Circuit and, in any event, is inapplicable where - - as here - - plaintiff's damages allegedly, even in part, arise from an application denial (as opposed to an alleged delay). Id. at 598.

[4] See Sunrise Dev. v. Town of Huntington, 62 F.Supp.2d 762, 770-71 (E.D.N.Y. 1999); Assisted Living Assocs. v. Moorestown Twp., 996 F. Supp. 409, 426-27 (D.N.J. 1998); see also Sharpvisions, Inc. v. Borough of Plum, 475 F.Supp.2d 514, 522 (W.D. Pa. 2007).

landowners "from being required to submit multiple applications" when the first rejection "makes it clear that no project will be approved." Kittay, 112 F. Supp. 2d at 350. Hence, failure to seek a variance "*forecloses any contention that requiring . . . finality would be futile.*" Murphy, 402 F.3d at 353 n.7. Because S&R never sought a variance, it cannot invoke the futility exception.

Moreover, for futility to exist "the prospect of refusal must be certain." Goldfine, 80 F. Supp. 2d at 159. It does not exist merely because of "open hostility," bias or because plaintiff "has done everything possible to obtain acceptance of a development proposal." Id. at 159-160; Unique Medium, LLC v. Town of Perth, 309 F. Supp.2d 338, 342 n.2 (N.D.N.Y. 2004). S&R claims the Town, other property owners and civic groups "would continue to undermine [S&R's] application." (Pl. Br. p. 11). These are the exact types of allegations which do *not* establish futility.

Futility can also exist when "a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." Murphy, 402 F.3d at 349. The ZBA has discretion to grant variances. Town Code 285-48(B).[5] Likewise, S&R alleges no fact even implying that the ZBA has "dug in its heels." S&R tries to paint the ZBA as biased simply because it is appointed by the Town Board. (Pl. Br. p. 11). This bald assertion cannot establish futility.[6]

S&R also claims futility because "the factual record could not be more developed" and "forcing" S&R to return to the ZBA for a variance would "not further define the Town's position." (Pl. Br. p. 11). The only "record" there is, however, pertains to whether the Property is located in an R-20 or CA zone. *No* "record" has been created on whether a variance from R-20 is warranted.

---

[5] Futility does not exist merely because S&R's burden to obtain a variance is significant. See Ecogen, LLC v. Town of Italy, 438 F. Supp. 2d 149, 161 (W.D.N.Y. 2006) (that hardship exception is "doubtful is not enough" to establish futility).

[6] S&R also ignores that the ZBA and Town Board are completely independent entities. See Emmett v. Town of Edmeston, 2 N.Y.3d 817, 814 N.E.2d 430, 781 N.Y.S.2d 260 (2004).

B.   **S&R Has Failed to Seek Compensation In New York State Court**

S&R concedes that it has not sought compensation in NY state court. S&R is simply mistaken that this does not bar its due process and equal protection claims. See Goldfine, 80 F. Supp. 2d at 161; see also Orange Lake Assocs. v. Kirkpatrick, 21 F.3d 1214, 1224 (2d Cir. 1994) (procedural due process claims barred because plaintiff failed to pursue Article 78 proceeding).

Accordingly, the Court should dismiss S&R's due process, equal protection, takings[7] and FHA claims.

## POINT II

## S&R HAS FAILED TO STATE A PROCEDURAL DUE PROCESS CLAIM

A.   **S&R Has No "Property Interest" in a CA Zoning Designation**

S&R does not dispute that it must allege "a federally-protected property interest" to state a due process claim. Alzamora v. Chester, 492 F. Supp. 2d 425, 430 (S.D.N.Y. 2007). S&R, however, fails to rebut the Town's argument that, under NY law, S&R had no "property interest" in the supposed CA zone status of the Property. (See Def. Br. pp. 20-28).[8]

Instead, citing the Town Code and Town Law, S&R claims an "interest" in its "right to public notice and to participate in" rezoning hearings. This argument fails because "a statute that merely establishes procedural requirements does not thereby create a liberty interest because *'an expectation*

---

[7] S&R will dismiss its takings claim "without prejudice to renewal based upon future conduct of the defendants." (Pl. Br. p. 14 n.9). Since S&R concedes the claim is baseless, the dismissal should be *with* prejudice for the reasons stated in the Town's motion.

[8] Indeed, S&R does not even mention, much less contest, that the Property was *never* properly changed from R-20 to CA in the first place or that the Town repeatedly identified the Property as being in a R-20 zone on: (1) a July 1, 1999 Certificate of Occupancy; (2) a December 1, 2006 demolition permit issued to S&R and (3) a December 15, 2006 Certificate of Completion issued to S&R.

*of receiving process is not, without more, a liberty interest protected by the Due Process Clause.'"* Rodriguez v. McLoughlin, 214 F.3d 328, 339 (2d Cir. 2000). "[W]hat the Due Process Clauses . . . . protect is life, liberty and property, **not the procedures designed to protect life, liberty and property.**" NY State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 164 (2d Cir. 2001).

Because it has no "property interest" in the Property's alleged CA zone classification, the fact that S&R did not receive notice before the Town allegedly "rezoned" the Property from CA to R-20 does not support a procedural due process claim. See Schwartz v. Mayor's Committee on the Judiciary, 816 F.2d 54, 57 (2d Cir. 1987) (procedures requiring notice with respect to judicial reappointment do not create a property interest where there was no property interest in the job).

**B.    The Town Did Not "Rezone" the Property and S&R's Claim Fails Even if It Did**

At bottom, S&R's due process claim is that the Town improperly "rezoned" the Property by correcting the Official Map in 2007 to show the Property in an R-20 zone, not a CA zone.

First, the Town did not "rezone" the Property. While S&R criticizes the Town for not utilizing the Town Code's amendment procedures in 2007, S&R tellingly ignores the fact that those same procedures were not followed in 1997, when a simple drafting error mistakenly identified the Property as being in the CA zone, rather than the R-20 zone. S&R seeks to enforce that unauthorized 1997 act as if it had the full force of law. NY law is, however, clear that the Town is not precluded from correcting this simple error. See Parkview Assocs. v. City of New York, 71 N.Y.2d 274, 525 N.Y.S.2d 176, 519 N.E.2d 1372 (1988).[9]

Second, S&R claims the Town's correction of the drafting error was prohibited by Town Code § 285-7(A) which calls the Official Map "the final authority as to the current zoning

---

[9] S&R complains that Parkview was not a due process case. (Pl. Br. 32). It ignores, however, that Parkview stands for the proposition that an error by a municipality cannot create a property interest. See Gottlieb v. Village of Irvington, 69 F. Supp.2d 553, 556 (S.D.N.Y. 1999).

classification . . . ." Enforcement of this section as S&R urges would mean any unauthorized change to the Map (be it an error or even a purposeful boundary line alteration) would have the force of law. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 333 (1938) ("to construe statutes so as to avoid results glaringly absurd, has long been a judicial function"). Moreover, S&R's interpretation ignores the prior sentence of the same section which provides that the Map can only be amended "in the same manner as any other part of this chapter" (i.e., by amendment under Town Code § 285-64). The drafting error simply could not have changed the Property from R-20 to CA.

Third, even if the Town "rezoned" the Property in violation of the Town Code - - which it did not - - that would not constitute a due process violation. (See Def. Br. pp. 27-28). S&R does not dispute this proposition. See Yale Auto Parts, Inc. v. Johnson, 758 F.2d 54, 59-60 (2d Cir. 1985)).

C.     **S&R's Claim Also Fails Because it Received Adequate Post-Deprivation Process**

A § 1983 claim fails "when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty." Beechwood Restorative Care Ctr. v. Leeds, 436 F.3d 147, 156 (2d Cir. 2006). NY law permitted S&R to file an Article 78 proceeding to review the ZBA. See NY Town Law § 267-c(1). The Second Circuit has "held on numerous occasions that an Article 78 proceeding is a perfectly adequate postdeprivation remedy." Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996)); see Orange Lake Assocs., 21 F.3d at 1221 (ZBA's delay did not violate due process because Article 78 was adequate process).[10] While S&R colorfully characterizes the ZBA proceeding as a "farce," the very

---

[10]     S&R cannot claim that Article 78 does not afford it adequate process simply because (as discussed, *infra*) the statute of limitations on that claim has run. Hellenic Am., 101 F.3d at 881. Moreover, S&R also received adequate postdeprivation process in the form of its appeal to the ZBA. See DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995) (procedure for appealing to zoning board satisfied procedural due process).

purpose of an Article 78 proceeding was for S&R to obtain review of that proceeding.[11]

D.   **The Land Use Cases Cited by S&R are Inapplicable**

The only cases cited by S&R (again from other Circuits) are readily distinguishable. Those cases found due process violations - - under different circumstances and state law (Michigan and California) - - because the landowners *had* property interests in the zoning status of their property. See Nasierowski Bros. v. City of Sterling Heights, 949 F.2d 890, 897-898 (6th Cir. 1991) (finding property interest where City had *granted* preliminary site plan approval); Harris v. County of Riverside, 904 F.2d 497, 503 (9th Cir. 1990) (finding property interest because plaintiff lost "use and enjoyment of his land" when it was rezoned). The properties at issue were, however, presumably originally zoned in accordance with the law. Neither case addressed whether a property interest could be created by error - - something flatly prohibited by NY law. Moreover, neither case addressed whether plaintiff received adequate *post*deprivation process.

For these reasons, the Court should dismiss S&R's procedural due process claim.

## POINT III

## S&R'S EQUAL PROTECTION CLAIM MUST BE DISMISSED

S&R's "selective enforcement" and "class of one" claims require that S&R show it was treated differently from others who are "prima facie identical." Arteta v. County of Orange, 141 Fed. Appx. 3, 8 (2d Cir. 2005); Sebold v. City of Middletown, 2007 U.S. Dist. LEXIS 70081 at * 82 (D.

---

[11]   Many of S&R's objections to the ZBA proceeding (raised in its lawyer's declaration, not in the complaint) are frivolous. For example, even if ZBA members Baumgartner and Rosenblum voted in favor of S&R, the appeal still would have been denied. See NY Town Law § 267-a(13)(a) (required ZBA decision to be by majority). Likewise, S&R complains that defendant Stellato would not appear in response to counsel's subpoena. S&R could have (but did not) formally ask the ZBA to issue a subpoena. See NY Town Law § 267(10). If the ZBA did not issue the subpoena (which is discretionary), that decision could have been reviewed in an Article 78 proceeding. See Stockdale v. Hughes, 173 A.D.2d 1075, 1077, 570 N.Y.S.2d 412 (3d Dep't 1991).

Conn. 2007). S&R relies on the bald allegation that it was treated "differently from other property owners," but fails to allege the "other property owners" are "similar." (Compl. ¶ 109; Pl. Br. p. 26).[12] These allegations are insufficient. Gagliardi v. Vill. of Pawling, 18 F.3d 188, 193 (2d Cir. 1994).

S&R tries to prop up its claim by referencing "the 188-unit Scarsdale Woods" development. (Pl. Br. p. 27). Even if this were properly before the Court,[13] it does nothing to salvage S&R's claim. S&R must allege that the Town treated its "application differently from *other similar applications.*" Yale Auto Parts, 758 F.2d at 61. The mere existence of another multi-family development does not mean that application presented any similar issues.[14] See Gagliardi, 18 F.3d at 193 (dismissing claim "devoid of any allegation that the Municipal Defendants would have enforced the Pawling Code at the request of another resident whose situation was similar to [plaintiffs].").

For these reasons, the Court should dismiss S&R's equal protection claim.

## POINT IV

## S&R'S ARTICLE 78 CLAIM IS TIME BARRED

S&R does not dispute that its Article 78 claim is barred by the 30-day statute of limitations (Town Law § 267-c(1)) if the ZBA decision filed on November 1, 2007 controls. S&R baselessly claims that it (and its counsel who also received the decision) can disregard the filed November 1 decision because an amended decision was filed on November 9, 2007.

---

[12] S&R also claims the proposed moratorium supports its claim. This is wrong because: (1) the proposed moratorium applied to *__all__* property along Central Avenue - - not just S&R's property (Walker Decl., Exh. G); and (2) the moratorium was never even voted on, let alone enacted.

[13] Hack v. President & Fellows of Yale College, 237 F.3d 81, 91 (2d Cir. 2000) ("Rule 12(b)(6) motion tests the adequacy of the complaint . . . not the briefs.").

[14] If anything, the only "similarly situated" owner in Town owns the *__second__* property whose location on the Official Map was corrected in 2007 to show it in the R-20 zone, not the CA zone. (Walker Decl., Exh. J). That this second property was affected by the Town's act demonstrates why S&R's equal protection claim fails as a matter of law. Burke v. Town of E. Hampton, 2001 U.S. Dist. LEXIS 22505 at ** 23-24 (E.D.N.Y. 2001).

Instead of following Palm Mgmt. Corp. v. Goldstein, 8 N.Y.3d 337, 865 N.E.2d 840, 833 N.Y.S.2d 423 (2007) - - which interpreted a nearly identical limitations provision - - S&R asks the Court to follow Carter v. State, 95 N.Y.2d 267, 739 N.E.2d 730, 716 N.Y.S.2d 364 (2000). Carter held that a Division of Parole decision should be construed in the plaintiff prisoner's favor if it was ambiguous *as to whether the prisoner's administrative appeals were exhausted* (for purposes of the "final and binding" decision under NY CPLR 217(1)). 95 N.Y.2d at 270. Carter is inapplicable because: (1) it dealt with a limitations provision that is nothing like Town Law § 267(c)(1); and (2) S&R claims no ambiguity about whether its "administrative appeals" are exhausted.

Under Palm Mgmt, the November 1 decision controls because the November 9 decision is no more than a "mere repetition, in words or substance." 8 N.Y.3d at 340. Indeed, the decisions are virtually identical, including the entire sections headed **"THE BOARD MADE THE FOLLOWING FINDINGS"**, which conclude: "we hereby DENY the Applicant's appeal." (Walker Decl., Exhs. K & L, pp. 2).

S&R claims the decisions are somehow "markedly different." The alleged "differences," however, have nothing to do with the substantive result - - that the appeal was denied.[15] Since the November 9 decision is no more than a "mere repetition" in both "words" and "substance" of the November 1 decision, S&R was required to file its Article 78 claim within 30 days of the November 1 decision. It failed to do so and is now time barred.

Again citing Carter, S&R claims the November 9 decision controls because the cover letter

---

[15] Two corrections showed member Baumgarten as "absent" and showed member Doyle seconding a motion that SEQRA review was unnecessary and amended the "sheet" identification number. The ZBA is not even required to identify how its members vote or who seconds a motion. See Town Law § 267-a(2); Arrandale Civic Ass'n v. Zoning Board of Appeals, 27 A.D.3d 732, 812 N.Y.S.2d 133 (2d Dep't 2006) (interpreting corollary provision of Village Law). The last correction fixed the sheet number identifying the Property. On both decisions, the very line above that clearly identifies the Property by its address, "62 Dromore Rd." (Walker Decl., Exhs. K & L. p. 1).

from the ZBA's clerical secretary to S&R (and, again, its lawyer) says to "use" the November 9 decision. (Walker Decl; Exh. L). One line in a transmittal letter cannot possibly render the filed November 1 decision a legal nullity and suspend the applicability of Town Law § 267. Instead, because the decisions are substantively identical, Palm Mgmt dictates that the November 1 decision controls.[16]

For these reasons, S&R's Article 78 claim should be dismissed.

## POINT V

## S&R FAILS TO STATE A "FAMILIAL STATUS" DISCRIMINATION CLAIM

### A. The Purported Basis for S&R's FHA Claim Contradicts its Own Prior Statements

The supposed basis for S&R's "familial status" discrimination claim is that S&R intended to sell its units to "families with young children so those families would qualify for education in the Edgemont School District." (Pl. Br. p. 16). This factual underpinning for the FHA claim appears nowhere in ¶ 127 or elsewhere in the complaint. This alone requires dismissal of the claim.

The Court should also dismiss the claim because S&R's allegation flatly contradicts its own written statements to the Town. On January 17, 2006, responding to claims that its development would burden the Edgemont School District, S&R wrote:

> Our proposed development contemplates market rate two bedroom apartments with no subsidies from the Town or County. These apartments would probably be priced between $1,000,000 - $1,250,000. ***They are designed to attract young professionals who do not yet have school age children*** and empty nesters . . . .

\* \* \*

---

[16] Because S&R's Article 78 proceeding is untimely, S&R's claim recast as one for "declaratory judgment" is also untimely. Ass'n for Improv. v. Cortlandt, 137 A.D.2d 742, 525 N.Y.S.2d 251 (2d Dep't 1988); New York City Health & Hosps. Corp. v. McBarnette, 84 N.Y.2d 194, 639 N.E.2d 740, 616 N.Y.S.2d 1 (1994).

> [W]ith construction and sell-out of the units being 2-3 years hence and many more years before our likely purchasers would have school age children.

(Risi Decl., Exh. 1, Aff. of Richard Troy, Exh. 14, p. 5) (emphasis added). S&R had no intention of marketing to families with school aged children. Its true intent was to do the exact opposite. The Court should, therefore, disregard S&R's allegation and dismiss S&R's FHA claim. See ESI, Inc. v. Coastal Power Prod. Co., 13 F. Supp. 2d 495, 497 (S.D.N.Y. 1998).[17]

**B.      § 3604(a)**

In Lynn v. Vill. of Pomona, 373 F. Supp. 2d 418, 428-29 (S.D.N.Y. 2005), this Court stated the elements of a developer's *prima facie* § 3604(a) claim.[18] S&R's complaint (like its brief) is devoid of any allegation that: (1) S&R contracted to sell any units to families with children; or (2) families with children "sought and were qualified to purchase the housing in question." Id. The absence of these allegations warrants dismissal.

S&R asserts that the Town "otherwise made unavailable" housing based on "familial status." Whether based on "disparate impact" or "disparate treatment," the claim fails as a matter of law.

To state a disparate impact claim, S&R must allege "that a facially neutral policy actually or predictably leads to under-representation of families with children in the housing relative to the general population." Meyer v. Bear Rd. Assocs., 124 Fed. Appx. 686, 688 (2d Cir. 2005). S&R fails to allege the requisite elements for three reasons.

First, S&R is ***not*** challenging a facially neutral zoning policy, but rather a single act. In

---

[17]   The claim should also be dismissed given the units' million-dollar price tags. Congress "expanded the [FHA] to protect against familial status discrimination in light of an express concern for . . . single-parent families, young families with children, and poor families." Llanos v. Estate of Coehlo, 24 F. Supp. 2d 1052, 1056-57 (E.D. Cal. 1998).

[18]   S&R claims Lynn is inapplicable because it was decided on summary judgment. While this case is at the 12(b)(6) stage, plaintiff must plead facts meeting Lynn's *prima facie* test. Hack, 237 F.3d at 89 (on motion to dismiss FHA claim, "plaintiff must plead the requisite facts").

Regional Eco. Comm. Action Prog. v. City of Middletown, 294 F.3d 35 (2d Cir. 2002), plaintiff challenged the City's denial of a special use permit for a halfway house. Affirming dismissal of plaintiff's FHA disparate impact claim, the Second Circuit held "[plaintiff] does not challenge a facially neutral policy or practice; *it challenges one specific act: the denial of a special-use permit for the ... property. No comparison of the act's disparate impact on different groups of people is possible.*" 294 F.3d at 53.[19] Correction of the Official Map affected only S&R and individuals who may have purchased units from S&R. It is, therefore, impossible to assess whether anyone was disparately impacted. See City of Middletown, *supra*.

Second, S&R does not allege that the Town's acts have resulted in an "under-representation of families with children in the housing relative to the general population" in the Town. Meyer, 124 Fed. Appx. at 688.[20] Such a claim would, in any event, be without merit since the Town Code does not prohibit families with children in any residential zone.

Third, multi-family housing on the Property is unavailable, not only to the alleged protected class (i.e., families with children under 18), but also to ***all*** non-protected individuals (including, families with no children). The Town's acts, therefore, have had the ***same*** impact on protected and unprotected individuals. See Bryant Woods Inn, Inc. v. Howard County, 911 F. Supp. 918, 939 (D. Md. 1996), aff'd, 124 F.3d 597 (4th Cir. 1997) ("the essence of [a disparate impact] claim is that a single policy, rule, or custom ***has different effects upon protected and unprotected classes.***").

---

[19] Other Courts of Appeal are in accord. See Reidt v. County of Trempealeau, 975 F.2d 1336, 1341 (7th Cir. 1992) ("[D]iscriminatory impact cannot be established where you have just one isolated decision."); Coe v. Yellow Freight System, Inc., 646 F.2d 444, 451 (10th Cir. 1981) (same); see also Ventura Vill. v. City of Minneapolis, 318 F.Supp.2d 822, 827-828 (D. Minn. 2004) (citing City of Middletown, approval of one development could not have disparate impact).

[20] See also Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 576 (2d Cir. 2003) (disparate impact plaintiff must show that town fire code "created a shortage of housing for recovering alcoholics ***in the community.***").

Because multi-family housing on the Property is unavailable to all individuals, S&R's disparate treatment claim also fails. See Kalil v. Farash Corp., 452 F. Supp. 2d. 203, 211 (W.D.N.Y. 2006) (disparate treatment claim dismissed where challenged rule was enforced against "adults as well as . . . families with children."); Easthampton Center, LLC v. Town of Easthampton, 155 F. Supp. 2d 102, 121 (D.N.J. 2001) (dismissing disparate treatment claim where town "reduce[d] housing choices available to all prospective residents . . . regardless of familial status.").[21]

S&R's disparate treatment claim fails for another reason. S&R expressly advised the Town that it did **_not_** intend to market to families with school age children. S&R now claims that - - despite this representation - - the Town prohibited S&R's development with the intent to stop families with school age children from living there. If S&R said it was not marketing to these families, the notion that the Town intended to exclude these families is non-sensical.

**C.    § 3604(b) and § 3604(c)**

Section 3604(b) prohibits discrimination in the "provision of services or facilities" in the sale or rental of a dwelling. In Lynn, this Court held that an FHA claim challenging a zoning action "does not involve provision of services and therefore does not implicate § 3604(b)." 373 F. Supp. 2d at 426. Citing LeBlanc-Sternberg v. Fletcher, 67 F.3d 412 (2d Cir. 1995), S&R mistakenly claims this reasoning has been "thoroughly repudiated." LeBlanc, however, was decided ten years before Lynn and did not even involve § 3604(b).[22]

Section 3604(c) prohibits discrimination in connection with "any notice, statement or advertisement, with respect to the sale or rental of a dwelling." S&R does not address the Town's

---

[21]    While Town of Easthampton had different facts, the disparate treatment claim was dismissed because - - as in this case - - the challenged action reduced housing opportunities to all people, including families with children.

[22]    Innovative Health Sys. v City of White Plains, 117 F.3d 37 (2d Cir. 1997), also cited by S&R, did not even involve an FHA claim, much less a § 3604(b) claim.

argument that it has made no statement prohibited by § 3604(c) or HUD's regulations. See 24 C.F.R. § 100.75 (prohibited statements include "flyers, brochures, deeds, banners, posters [and] billboards.").[23]  For these reasons, S&R's FHA claim should be dismissed in its entirety.

## POINT VI

## S&R HAS NOT PLED A "POLICY" OR "CUSTOM"

S&R's complaint does not articulate exactly what "custom" or "policy" justifies liability against the Town. S&R claims the Town: (1) tried to coerce S&R to sell its property "under threat" of a moratorium; (2) "fast-tracked" the moratorium; and (3) "illegally rezoned" the Property. (Pl. Br. p. 38). These allegations are red-herrings. The moratorium was never enacted and, in any event, applied to *all* property along Central Avenue - - not just S&R's property (Walker Decl., Exh. G).

The act of correcting the Official Map, even if improper, is not a custom or policy. See Singleton v. New York, 632 F.2d 185, 195 (2d Cir. 1980) (policy cannot be inferred from "a single incident of illegality"). Indeed, even if that act was "rezoning" as S&R contends, Commissioner Stellato - - who effected the change - - had no authority to "rezone" property. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986) (single act can justify liability "only where the decisionmaker possesses final authority to establish . . . policy with respect to the action ordered.").

## CONCLUSION

For the aforementioned reasons, the Court should grant defendants' motion to dismiss S&R's Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

---

[23]  The sole § 3604(c) case cited by S&R, United States v. Space Hunters, 429 F.3d 416 (2d Cir. 2005), was distinguished in the Town's moving brief. (Def. Br. p. 39 n.31). Moreover, HUD's regulations were not raised or addressed in Space Hunters.

Dated: New York, New York
       May 7, 2008

                        LANDMAN CORSI BALLAINE & FORD P.C.

By:    */s/ James M. Woolsey*
       James M. Woolsey, III (JW-9157)
       Attorneys for Defendants
       120 Broadway, 27th Floor
       New York, New York 10271-0079
       (212) 238-4800

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

      That on the 7th day of May, 2008, deponent served the within **DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)** upon:

> John A. Risi, Esq. (JR 6475)
> BLEAKLEY PLATT & SCHMIDT
> One North Lexington Avenue
> P.O. Box 5056
> White Plains, New York 10602-5056

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                                       _____
                                                                         Ryan New

Sworn to before me this
7th day of May, 2008

_____
        Notary

                                  AMEET B. KABRAWALA
                              Notary Public, State of New York
                                    No. 02KA6144322
                                Qualified in Kings County
                          Commission Expires April 24, 2010

456875.1 DocsNY