UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
S&R DEVELOPMENT ESTATES, LLC and "JOHN
DOE" NOS. 1 THROUGH 75,

                                          Plaintiffs,

            - against -

STEVEN BASS, EDDIE MAE BARNES, PAUL FEINER,
DIANA JUETTNER and FRANCIS SHEEHAN,
Constituting the Town Board of the Town of Greenburgh,
Westchester County, New York, STEVEN BELASCO,
MALCOLM BAUMGARTNER, EVE BUNTING-SMITH,
NICHOLAS DECICCO, LAWRENCE DOYLE, ROHAN
HARRISON and DANIEL ROSENBLUM, Constituting
the Zoning Board of Appeals of the Town of Greenburgh,
Westchester County, New York, MARK STELLATO,
Commissioner of the Department of Community
Development and Conservation of the Town of Greenburgh,
TOWN OF GREENBURGH and JOHN and JANE DOE,

                                         Defendants.
------------------------------------------------------------------X

07 Civ. 11112 (WCC)(GAY)

**ECF CASE**

### PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANTS' RULE 12(b)(1) and (6)
### F.R.CIV.P. MOTION TO DISMISS THE COMPLAINT

BLEAKLEY PLATT & SCHMIDT, LLP
*Attorneys for Plaintiffs*
One North Lexington Avenue
P.O. Box 5056
White Plains, NY 10602-5056
(914) 949-2700

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................1

POINT I ..........................................................................................................................................1

    PLAINTIFF HAS PROPERLY PLED VIOLATIONS OF THE FHA ......................1

        A. The FHA Claim Satisfies The Liberal Notice Pleading Standard ............1

POINT II .........................................................................................................................................2

    THE FHA CLAIM IS NOT UNDERMINED BY PLAINTIFF'S
JANUARY 17, 2007 LETTER ...................................................................................2

POINT III ........................................................................................................................................3

    PLAINTIFF HAS A VALID PROCEDURAL DUE PROCESS CLAIM .................3

CONCLUSION ...............................................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff submits this sur-reply memorandum of law to address three arguments raised for the first time in defendants' reply memorandum of law in support of their Rule 12(b)(1) and (6) motion to dismiss.

## POINT I

## PLAINTIFF HAS PROPERLY PLED VIOLATIONS OF THE FHA

**A.   The FHA Claim Satisfies The Liberal Notice Pleading Standard**

Defendants note that "[t]he supposed basis for S&R's "familial status" discrimination claim is that S&R intended to sell its units to "families with young children so those families would qualify for education in the Edgemont School District. (Pl. Br. P. 16)" Def. Reply Br., p. 11. Defendants then argue for the first time in their reply brief that the foregoing factual allegation does not appear in the Amended Complaint, requiring dismissal of the FHA claim.

While all pleadings must include a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), a claimant must only provide a statement sufficient to put the opposing party on notice of the claim rather than setting out in detail facts on which the claim for relief is based. See *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)(complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); see also *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986)(the liberal notice pleading standard only requires that complaint must provide enough information and detail to enable defendants to respond and defend).

The notice pleading standard ensures that claims are determined on their relative merits and not through mistakes in pleading. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the

1

principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

We submit that plaintiff's sixth claim for relief in the Amended Complaint, as well as the Amended Complaint as a whole, easily satisfies the pleading standards set forth in F.R.Civ.P. 8(a)(2). Therefore, defendants' motion to dismiss the FHA claim must be denied.

## POINT II

### THE FHA CLAIM IS NOT UNDERMINED BY PLAINTIFF'S JANUARY 17, 2007 LETTER

Defendants cite out of context a snippet of the eight-page January 17, 2007 Richard Troy letter which states, in pertinent part, that the apartments would be priced at over $1 million and "are designed to attract young professionals who do not yet have school age children and empty nesters seeking to enjoy the beauty and peaceful environment of our Property" (Risi Dec., Exh. 1 [Exh. 14, ¶ 5]). Defendants argue that this somehow constitutes an admission that "S&R had no intention of marketing to families with school aged children" and that S&R "assured" the Town that it would not market its development to such families. Based upon this tortured misconstruction, defendants argue the FHA claim should be dismissed.

Yet, defendants purposefully ignore the true temporal and substantive context of the Troy letter. The letter itself was prompted by the Town's threat of an illegal building moratorium and attacked both the moratorium[1] and the specious argument that plaintiff's 37-unit project would cause overcrowding in the Edgemont School District. (*Id.* pp. 2-6). Indeed, the letter pointed out that, according to the School Board's own study, the S&R project would result in at most only "15 additional students for the public schools." (*Id.* p. 4). Mr. Troy then went on to explain that (1) the project would probably generate even less school-aged children (*Id.* p. 5), (2) the

---

[1] "The moratorium . . . is in fact a mask and bad faith subterfuge aimed specifically and exclusively at our Property." (*Id.* pp. 1-2).

2

schools were not in fact, overcrowded, and (3) the real cause of any potential overcrowding was single-family home development. (*Id.* pp. 5-6). When examined in its entirety and in the appropriate context, the Court will readily perceive that the letter does not support defendants' argument. Indeed, plaintiff's refusal to market housing units to families with school-aged children would itself constitute a violation of the FHA. 42 U.S.C. § 3604(a), (b), (c). As reflected by its content and context, plaintiff's letter was an attempt to avoid the threatened imposition of an illegal moratorium which, in effect, would have killed the project. It does not represent, as defendants argue, an admission that plaintiff would not sell units to families with school-aged children.

It is equally ridiculous to argue, as defendants do, that S&R neither wanted nor expected children to occupy some of its apartments. S&R simply noted that its development would have virtually no impact on the Edgemont School System and that the proposed resultant moratorium, which was based upon the fraudulent premise that the project would cause school overcrowding, unfairly targeted plaintiff and was wholly unnecessary and illegal.

Finally, defendants cannot have it both ways. They cannot have previously opposed plaintiff's project on the grounds it would cause school overcrowding and now argue that no school-aged children would actually live in the project.

## POINT III

## PLAINTIFF HAS A VALID PROCEDURAL DUE PROCESS CLAIM

Defendants now argue that the procedural due process claim fails because S&R has an adequate post-deprivation remedy via an Article 78 proceeding. (Def. Reply Br., pp. 7-8).

In reviewing procedural due process claims, Courts have distinguished between (1) claims based on established procedures and (2) claims based on random, unauthorized acts by state employees. *HANAC v. City of New York* 101 F.3d 877, 880 (2d Cir. 1996) (citations

3

omitted). In cases of the latter, a procedural due process claim will not lie where a meaningful post-deprivation remedy is provided by the State. However, where, as here, the procedural due process violation is "based on established state procedures," a due process claim lies. *Id.* (citations omitted).

The alteration of the zoning map was neither random nor unauthorized. Ignoring the plain language of Town Law § 264 and Town Code § 285-64, defendants argue, albeit incorrectly, that "there was no need for 'legislative action' by the Town Board to simply correct the Map to show the Property's proper location in an R-20 District." (Def. Br., p. 27, fn 24.) Accordingly, defendants themselves classify the state action at issue as an established procedure rather than a random, unauthorized act.

Moreover, when the deprivation of procedural due process rights occurs via an "established procedure," "the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *HANAC*, 101 F.3d at 880 (citations omitted). In *HANAC*, the Second Circuit observed:

> When a deprivation occurs because of a random, arbitrary act by a state employee, "[i]t is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action under 'color of law,' is . . . almost . . . [invariably] beyond the control of the State . . . **The controlling inquiry is solely whether the state is in a position to provide for predeprivation process**." Id. at 534, 104 S.Ct. at 3204.

*Id.* (emphasis added)

Here, the ability to provide S&R with "predeprivation process" was within the <u>express control</u> of the Town Board. No rogue employee was involved. The Town Board could (and should) have provided for a hearing on notice, as required by both Town Law § 264 and Town Code § 285-64, prior to altering the official zoning map. They simply chose not to in flagrant

4

violation of S&R's right to procedural due process. None of the cases relied upon by defendants involve such a brazen violation of well-settled state law and therefore, are easily distinguishable.

For example, *HANAC* concerned a unilateral, unauthorized act of a member of the New York City administration barring the plaintiff contractor because it was the subject of an investigation. *Hudson*, upon which *HANAC* relies, involved the destruction of an inmate's property during a cell search. Neither case has any factual or substantive application here.

Finally, where, as here, a zone change "exceptionally affected" a property owner "on an individual basis" by severely altering the permissible use of land, the impacted property owner has a right to public notice and public hearing of the proposed zoning legislation. *Nasierowski Bros. Inv. v. City of Sterling Heights,* 949 F.2d 890 (6th Cir. 1991). In defiance of both state and local law, defendants offered plaintiff neither in abject violation of their procedural due process rights.

## CONCLUSION

Defendants' motion should be denied.

Dated: White Plains, New York
May 28, 2008

BLEAKLEY PLATT & SCHMIDT, LLP

BY: _____
WILLIAM P. HARRINGTON (WP-5262)
*Attorneys for Plaintiffs*
ONE NORTH LEXINGTON AVENUE
P.O. BOX 5056
WHITE PLAINS, NY 10602-5056
(914) 949-2700

5