UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
S&R DEVELOPMENT ESTATES, LLC and "JOHN DOE" NOS. 1 THROUGH 75,

        Plaintiffs,

- against -

STEVEN BASS, EDDIE MAE BARNES, PAUL FEINER, DIANA JUETTNER and FRANCIS SHEEHAN, Constituting the Town Board of the Town of Greenburgh, Westchester County, New York, STEVEN BELASCO, MALCOLM BAUMGARTNER, EVE BUNTING-SMITH, NICHOLAS DECICCO, LAWRENCE DOYLE, ROHAN HARRISON and DANIEL ROSENBLUM, Constituting the Zoning Board of Appeals of the Town of Greenburgh, Westchester County, New York, MARK STELLATO, Commissioner of the Department of Community Development and Conservation of the Town of Greenburgh, TOWN OF GREENBURGH and JOHN and JANE DOE,

        Defendants.
------------------------------------------------------------------X

07 Civ. 11112(WCC)(GAY)
ECF CASE

---

### DEFENDANTS' RESPONSE TO PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' RULE 12(b)(1) and (6) F.R.CIV.P MOTION TO DISMISS THE COMPLAINT

---

On the Brief
    James M. Woolsey, III (JW - 9157)
    Jerry A. Cuomo (JC - 4253)

LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

## **TABLE OF CONTENTS**

POINT I        S&R HAS NOT ADEQUATELY PLED A FAIR HOUSING ACT
               CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT II       S&R FAILS TO STATE A PROCEDURAL DUE PROCESS
               CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## POINT I

## S&R HAS NOT ADEQUATELY PLED A FAIR HOUSING ACT CLAIM

S&R Development LLC ("S&R") bases its Fair Housing Act claim for "familial status" discrimination on its alleged plan to sell units to families with children so the children could attend Edgemont schools. (Pl. Sur-Reply, p. 1). S&R still cannot identify where this allegation appears in its complaint. Because it is simply not there, S&R resorts to arguing that it has met the pleading standard of Fed. R. Civ. P. 8(a).[1] The Town,[2] however, does not claim S&R failed to meet Rule 8. Rather, S&R has simply failed to state a "familial status" discrimination claim.

Predictably, S&R contends that the Town has taken "out of context" Richard Troy's January 17, 2006 letter saying - - flatly contrary to S&R's current allegation - - that S&R's development was "designed to attract young professionals who *do **not** yet have school age children*." (Emphasis added). Whatever the rationalization for this statement,[3] it is plain that: (1) in January 2006, S&R told the Town it was ***not*** trying to sell units to families with school age children; and (2) now - - to preserve an FHA claim - - S&R asks this Court to believe its goal was to sell units to those very same families so children could attend Edgemont schools. To call these positions contradictory is

---

[1] S&R criticizes the Town for questioning for the first time in its reply S&R's alleged intent to market to families with children. The Town first addressed this allegation in its reply because it ***appears nowhere in the complaint*** and was made for the first time in S&R's opposition.

[2] "The Town" refers to the Town of Greenburgh and the various individual defendants.

[3] S&R tries to explain Mr. Troy's statement as "an attempt to avoid the threatened imposition of an illegal moratorium." (Pl. Sur-Reply, p. 3). This proposed moratorium is irrelevant because it: (1) would have applied to all property in the CA zone; and (2) was never even voted on, much less enacted. S&R characterization of the proposed moratorium as a "threat" against it is simply inaccurate. Town citizens supported it and, if anything, their interest drove consideration of the moratorium - - not some fictional desire to "threaten" S&R. (Am. Compl., ¶ 57).

an understatement. Because S&R's current allegation (albeit one that appears nowhere in the complaint) flatly contradicts its own prior written statements, the Court need not accept the allegation as true and, as a result, should dismiss S&R's FHA claim for that reason alone.

## POINT II

## S&R FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM

That an Article 78 proceeding constitutes adequate post-deprivation process in land use disputes is beyond dispute.[4] Despite this, S&R claims Article 78 affords insufficient post-deprivation process here because S&R is not challenging "random and unauthorized" acts by the Town, but rather acts based on "established state procedures."

Where a challenged act is "random and unauthorized," the "existence of a meaningful post-deprivation remedy"- - such as an Article 78 proceeding - - "would automatically satisfy procedural due process." Rivera-Powell v. N.Y. City Bd. of Elections, 470 F.3d 458, 466 (2d Cir. 2006). On the other hand, if the act is "part of an established state procedure, such that the availability of a post-deprivation remedy would not *automatically* satisfy due process," the Court must then inquire further "what process was due." Id. (emphasis original).

S&R is clearly challenging an alleged "random and unauthorized" act. The availability of an Article 78 proceeding, therefore, *automatically* defeats S&R's claim. S&R's contention that it is challenging an "established state procedure" is belied by the very allegation on which it bases its due process claim - - i.e., that the Town allegedly "rezoned" S&R's property from CA to R-20

---

[4] See Orange Lake Assocs. v. Kirkpatrick, 21 F.3d 1214, 1221, 1224 (2d Cir. 1994) (ZBA actions did not violate due process because Article 78 provided adequate process); Frooks v. Town of Cortlandt, 997 F. Supp. 438, 453 (S.D.N.Y. 1998) (Conner, J.) (Article 78 is a "perfectly adequate postdeprivation remedy" in land use case) (citations and quotations omitted).

without notice or a hearing allegedly required by the NY Town Law and the Town Code. (Pl. Sur-Reply, p. 4). S&R's claim then is not that the "established procedures" for notice were infirm, but that the Town *failed to follow* those procedures.

The Second Circuit has twice held that a state actor's failure to follow pre-deprivation notice and hearing procedures is a "random and unauthorized" act and that the availability of an Article 78 post-deprivation proceeding defeats a due process claim based on the absence of notice or a hearing. See Beechwood Restorative Care Ctr. v. Leeds, 436 F.3d 147, 156 (2d Cir. 2006); Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996) ("HANAC").

In HANAC, New York City's Charter mandated that a contractor could not be debarred from contracting with the City without notice and a hearing. 101 F.3d at 879. The plaintiff contractor claimed a due process violation when it was "de facto" debarred without notice or a hearing. Id. The Second Circuit held:

> [Plaintiff] makes no claim that the due process violation was caused by an established state procedure, such as the City Charter . . . . To the contrary, [plaintiff] argues that state officials acted in flagrant violation of the City Charter . . . . [Plaintiff's] brief on appeal agrees with the district court that [plaintiff's] due process rights were violated when [the City] effected a *de facto* debarment of [plaintiff] without according any of the protections set forth in [the City's Charter] . . . . Thus, [plaintiff's] claims can survive only if New York does not provide adequate postdeprivation procedures. This, however, is not the case.

Id. at 881. The Court went on to dismiss plaintiff's due process claim because an Article 78 proceeding was an adequate post-deprivation remedy for the City's "random and unauthorized" failure to provide the notice and hearing required by its Charter. Id.

Likewise, in Beechwood, the plaintiff nursing home operators claimed the state failed to afford them a hearing, required by New York's Public Health Law, before anulling plaintiffs'

"establishment approval."[5] Citing HANAC, the Second Circuit held that:

> The claim . . . is that [the State] failed to afford the opportunity for a hearing guaranteed by [the NY Public Health Law] - - *a failure that would be an instance of a "random unauthorized act."*

Beechwood, 436 F.3d at 156 (emphasis added).[6] Again, because Article 78 afforded adequate post-deprivation process, the Second Circuit affirmed dismissal of plaintiff's due process claim.

As HANAC and Beechwood confirm: (1) the Town's alleged failure to follow the Town Law and Town Code's notice and hearing provisions is, at most, an alleged "random and unauthorized" act; and (2) the availability of Article 78 requires dismissal of S&R's due process claim.

In contrast to the claim S&R is asserting, an "established state procedure" claim exists where a state actor *followed* procedures which are themselves constitutionally inadequate. See Rivera-Powell, 470 F.3d at 466 (such a claim exists if the challenged action *"was part of* an established state procedure") (emphasis added).[7] That is simply not what S&R alleges in this case.[8]

---

[5] "Establishment approvals" give a "medical facility the right to exist." 436 F.3d at 151.

[6] Deviations from requirements unrelated to notice and hearings have also been viewed as "random and unauthorized" acts. See, e.g., Holmes v. Proskanzer, 2008 U.S. Dist. LEXIS 13545 at *15 (N.D.N.Y. 2008) (bias during disciplinary hearing was "random and unauthorized" where "regulations prohibit . . . decision-makers to be influenced by bias"); see also Osborne v. Kauffmann, 1985 U.S. Dist. LEXIS 23106 at *14 (S.D.N.Y. 1985) ("where the deprivation of property occurs not as a result of an established state procedure, but instead results from the unauthorized failure of a state agent to follow that procedure, no claim of due process may be made.").

[7] See, e.g., John Gil Constr. v. Riverso, 72 F. Supp. 2d 242, 251 n.13 (S.D.N.Y 1999) (contractor's challenge to his suspension pursuant to "statutory and administrative procedures" was a challenge to an "established state procedure"); Luedeke v. Village of New Paltz, 63 F.Supp.2d 215, 222 (N.D.N.Y. 1999) (plaintiff's challenge to assessments made pursuant to a snow removal ordinance was a challenge to an "established procedure.").

[8] If plaintiff challenges an act by an "ultimate decision-maker" with "final authority" over the subject, the act will generally not be considered "random and unauthorized." Rivera-Powell, 470 F.3d at 465. Such acts "more closely resemble established state procedures."

Lastly, the Second Circuit has held that, although a post-deprivation procedure does not ***automatically*** defeat a due process claim based on "established procedures," a post-deprivation procedure ***can defeat*** the claim if it provides plaintiff with constitutionally adequate process. See Rivera-Powell, 470 F.3d at 466; Locurto v. Safir, 264 F.3d 154, 171-175 (2d Cir. 2001). In Locurto, where the plaintiff police officers and firefighters claimed they were unconstitutionally terminated, the Second Circuit dismissed plaintiffs' due process claim because an Article 78 proceeding provided "a wholly adequate post-deprivation hearing for due process purposes." Id. at 175. Critically, because an Article 78 proceeding afforded plaintiffs all the process they were due, the Court held that it required dismissal of plaintiffs' claims whether the terminations were pursuant to an "established procedure" or were "random and unauthorized." Id.

As such, even if this Court construes S&R's due process claim as one based on "established state procedures," the claim must still be dismissed because an Article 78 proceeding would have afforded S&R all the process it was due. Indeed, this would be entirely consistent given the well-settled availability of Article 78 as an adequate post-deprivation remedy in land use disputes.

For these reasons, S&R's procedural due process claim must be dismissed.

---

Velez v. Levy, 401 F.3d 75, 92 (2d Cir. 2005) (School Chancellor's removal of school board member was not "random and unauthorized"). S&R argues that the Town Board - - the ultimate decisionmaker on the zoning status of property - - had "the ability to provide" notice to S&R before the property was allegedly "rezoned" and, therefore, the failure to provide notice is not "random and unauthorized." (Pl. Sur-Reply, p. 4). S&R misses the point and again ignores its own claim. S&R is not claiming that the Town Board "rezoned" the property without notice. Instead, the supposed "rezoning" S&R is alleging was directed by Commissioner Stellato. The Town Board has not rendered *any* decision regarding S&R's property. Because Commissioner Stellato is not the "ultimate decision maker," his alleged failure to notify S& R before the property was allegedly "re-zoned" would not be authorized by state law or the Town Code. To the extent the property was "rezoned" - - which the Town denies - - it was as a result of a "random and unauthorized" act.

## CONCLUSION

For the reasons stated herein, and in the Town's prior submissions, S&R's Amended Complaint should be dismissed in its entirety.

Dated: New York, New York
       June 2, 2008

                              LANDMAN CORSI BALLAINE & FORD P.C.

By:   */s/ James M. Woolsey*
       James M. Woolsey, III (JW-9157)
       Attorneys for Defendants
       120 Broadway, 27th Floor
       New York, New York 10271-0079
       (212) 238-4800

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF NEW YORK  )

      **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

      That on the 2nd day of June, 2008, deponent served the within **DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' RULE 12(b)(1) and (6) FED. R. CIV. P. MOTION TO DISMISS THE COMPLAINT** upon:

                John A. Risi, Esq. (JR 6475)
                BLEAKLEY PLATT & SCHMIDT
                One North Lexington Avenue
                P.O. Box 5056
                White Plains, New York 10602-5056

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                                                          Ryan New

Sworn to before me this
2nd day of June, 2008

_____
          Notary

                      SOPHIA REE
              Notary Public, State of New York
                    No. 02RE6130625
               Qualified in Kings County
            Commission Expires July 18, 2009